PASCAL P. PRATT et al., Respondents, *v.* WILLIAM A. STEVENS et al., Appellants.

The provision of the act in relation to assignments for the benefit of cred-
itors (Subd. 3, § 3, chap. 466, Laws of 1877), requiring that the inventory
of a debtor making an assignment shall state the sum owing to each cred-
itor " with the true cause and consideration therefor " does not require,
where the indebtedness consists of promissory notes, that the inventory
should state what they were given for. A statement, as to each note, of
its date, time of payment, payee, to whom belonging, and the amount due
thereon is sufficient.

Where an assignor has knowledge that a security which has been given by
him to a creditor, for instance a chattel mortgage, is fraudulent and void
as to creditors, he is not bound to state the same in his inventory by the
provision of said statute (Subd. 3, § 3), requiring the inventory to con-
tain " a full statement of any existing security for the payment " of a
debt owing by the assignor; the provision applies simply to valid se-
curities.

Where an affidavit of the assignor to the inventory, after stating as re-
quired by the statute (Subd. 5, § 3, *supra,* as amended by § 1, chap. 318,
Laws of 1878), that the same was " in all respects just and true," added
" to deponent's best knowledge, information and belief," *held,* that
there was a substantial compliance with the statute; that it was not
essential that the matter sworn to should be wholly within the actual
knowledge of the debtor; and that the added words did not modify or
detract from those preceding them.

When the county judge is absent from the county a delivery of the inven-
tory to his clerk, at the office of the county judge, is a substantial com-
pliance with the provision of said act (§ 3), requiring such inventory
to be delivered to the county judge of the county where the assignment
is recorded.

So, also, a delivery of the inventory to the county judge of an adjoining
county, who at the time is holding court in the county, is sufficient, as
under the act of 1877 (Chap. 11, Laws of 1877) such county judge is
clothed with all of the powers, and may perform all of the duties of the
county judge of the county.

As to whether the provision of said General Assignment Act (§ 3, subd. 5),
declaring that, in case of failure to file an inventory as prescribed, the as-
signment will be void, was to be considered as a penalty; and as to
whether the amendatory provision of the act of 1878 (Chap. 318, Laws of
1878), declaring that the failure to file the inventory as required shall
not invalidate the assignment, and conferring upon the county judge
the power to order an inventory to be amended or corrected, is to be

considered as a repeal of the penalty, and so as taking away all right to have an assignment executed before the passage of the amendatory act declared void because of failure to file the inventory, *quære.*
*Pratt* v. *Stevens* (26 Hun, 229), reversed,

(Argued December 10, 1883 ; decided January 15, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made December 30, 1881, which reversed a judgment in favor of defendants, entered upon the report of a referee. (Reported below, 26 Hun, 229.)

The nature of the action and the material facts are stated in the opinion.

*Samuel Hand* for appellants. The penalty fixed by the statute does not attach if an inventory is made and filed within thirty days by the debtor. (Laws 1877, chap. 466, § 3 ; 1 Abb. N. C. 43, 44.) The delivery of the inventory to the clerk of the county judge and the filing by him was a sufficient compliance with the statute. (Laws 1878, chap. 11.) The act of 1878 (Chap. 11) is not unconstitutional. (Const., art. 6, §§ 15, 16.) The penalty imposed by the act of 1877 has been repealed by the act of 1878. (Laws 1878, chap. 318 ; *Hoppock* v. *Stone*, 49 Barb. 524 ; *Butler* v. *Palmer*, 1 Hill, 324 ; *Curtis* v. *Leavitt*, 15 N. Y. 9, 152, 153 ; *People* v. *Livingston*, 6 Wend. 526, 530.)

*John G. Milburn* for respondents. The affidavit of verification is defective in that it is not sworn to positively. (*Lambert* v. *People*, 76 N. Y. 220.) None of the requirements of the statute, as to the contents or verification of the inventory, can be taken as merely directory or immaterial. (*Merritt* v. *Village of Port Chester*, 71 N. Y. 309 ; *Thompson* v. *White*, 4 S. & R. 135 ; *Hardman* v. *Bowen*, 39 N. Y. 196 ; *Juliand* v. *Rathbone*, id. 369 ; *In re Leahy*, 8 Daly, 124 ; *Produce B'k* v. *Morton*, 67 N. Y. 199.) The judge of Genesee county could not constitutionally perform any duties of the judge of Livingston county, except preside at courts there. (Const., art. 6, § 15 ; id., art. 10, § 2.)

MILLER, J.   This action was in the nature of a creditor's bill to set aside a general assignment, made January 12, 1878, by the defendants Stevens and Shepard, to Kidder M. Scott, also a defendant, for the benefit of creditors.   The principal ground urged against the validity of the assignment is, that no inventory was made or filed in accordance with the provisions of the statute regulating general assignments (Chap. 466, Laws of 1877).   Section 3, subdivision 5, of the statute in question, declares that in case an inventory is not made and filed within thirty days, by the debtor or the assignee, the assignment is void.   It is claimed that the inventory, made and filed by the assignors, did not comply with the provisions of the statute in several particulars, and for these reasons the assignment was rendered invalid and void.   The first objection insisted upon is that the inventory failed to state the true cause and consideration of the debts owing by the assignors, as required by the third subdivision of the third section of the act cited. The inventory contains a statement of several promissory notes of the assignors, with their dates, time of payment, to whom payable and to whom belonging, and the amount due on the same.   This statement shows an indebtedness of the assignors to the amount stated, which is evidenced by the notes given. These notes of themselves imply a cause and consideration for the indebtedness, and it would not seem to be necessary to state in the inventory what they were given for.   The object of the provision evidently was to give information to the creditors in reference to the indebtedness of the assignors, and this would appear to be answered by a statement that they owed certain notes which were specifically described.   Whether these notes were given for moneys loaned, or any other purpose, is not material in order to show a consideration, as the notes themselves, on their face, import and show that fact and the cause of the indebtedness.   It follows, therefore, that the objection we have considered is not well founded.

It is further objected that no mention was made in the inventory of certain chattel mortgages, executed by the assignors, to Franklin Stevens and Cornelius Shepard, which were given to

secure certain debts set forth in the inventory ; and also that the inventory was defective in not stating the existing securities for the payment of said debts, as required by the third subdivision of the third section of the statute, and it is insisted that this omission was intentional. It appears that the mortgagees took the mortgages from the files and surrendered them to the assignees, stating that they would make no claim under them. The mortgages were clearly void as against creditors, and the presumption is that this was known to the debtors. Such being the case it cannot be said that they constituted a valid security for the payment of a debt owing by the assignors, or that they were an incumbrance upon the property inventoried, and it was, therefore, unnecessary to state the same. Nor, can it be claimed, under these circumstances, that the omission to mention the chattel mortgages was intentional. Fraud is never presumed, but must be established by competent evidence ; and where an assignor has knowledge that securities which have been given are, in law, fraudulent and void, he is not bound to state the same in the inventory. It is no answer to this view to say that it is sufficient that they were good between the parties, for if they were otherwise fraudulent and void, they were not such valid securities as the statute required should be stated. The delay of the mortgagees in making a disclaimer of any intention to insist upon the validity of the mortgages does not affect the act of the assignors in omitting the same from the inventory, if, in fact and in law, they were fraudulent and void as against creditors, for in that contingency they were of no avail whatever. And it cannot be claimed that by the omission the assignors did not furnish in the inventory the actual state of affairs in this respect as they existed at the time of the assignment. It may also be remarked that there was no finding of the referee, or request to find, that the omission was intentional. And it is by no means clear that the point urged is presented by the record upon this appeal.

It is also insisted that the affidavit of verification is defective, in that it is not sworn to positively, but merely to the best

of their the assignors) knowledge, information and belief. The statute (Subd. 5, § 3) requires that the inventory shall be verified by an affidavit, made by the debtor, that the same is in all respects just and true ; and that in case the debtor shall not make and file the inventory within twenty days, the assignee shall make and file the same within thirty days, and that the assignee shall verify the inventory, so made by him, to the effect that the same is in all respects just and true to the best of his knowledge and belief. It will be seen that there is a distinction between the two affidavits. The affidavit here follows the statute, and then adds the words " to deponent's best knowledge, information and belief." We think that the addition made was not in contravention of the statute, and that the language employed was a substantial compliance with the same. The statute prescribes no particular form and it is not required that the affidavit shall be absolute and unqualified. The statute does not provide, nor is it essential that the matter sworn to should be within the actual and positive knowledge of the debtor, nor does it forbid the debtor from making a qualification as to his knowledge in reference to the matters required to be given in the inventory. It might well be in many cases that the debtor could not swear positively from his own knowledge and would have to rely upon the information which he had received in regard to the property to be included in the inventory. In such cases the debtor might be precluded from making the affidavit if the construction insisted upon is the correct one. This could not have been intended by the statute, as the effect would be to deprive the creditors of the benefit of the affidavit of the debtor, who it is to be presumed has more knowledge and information on the subject than any other person. If the construction insisted upon is correct the want of knowledge of a single fact would prevent the debtor from making the affidavit. The fact that the law makes a distinction between the affidavit to be made by the debtor and the affidavit to be made by the assignee, of itself does not imply that the affidavit of the former is to be absolute and unqualified, while that of the latter is restricted, provided the

former can be construed as including information and belief. We think it can be so interpreted within well-settled rules. The affidavit of the debtor, in this case, on its face is to the effect that the inventory is in all respects just and true. The addition of the words, " to deponent's best knowledge, information and belief," does not modify or detract from the words previously employed. The general rule is that an oath taken before a competent officer merely verifies the truth of the facts stated, according to the best knowledge, information and belief of the affiant. The positive affirmation of the fact sworn to in an affidavit is in most cases supposed and understood to be according to the best knowledge, information and belief of the witness. In the case at bar, this would be so if the statement made was unqualified. It is not any the less so because it is qualified. The statute requires that the values must be given by the debtor according to his best knowlege, and as such values may depend upon information and belief, it is difficult to see how they can be given as absolutely true. The affidavit here is as absolute in fact and in law as if the additions made had not been inserted. We do not think that it was the intention of the law makers to provide for an affidavit only as to facts which are within the knowledge of the debtor, and to preclude entirely such information as he may have derived from others. The statute merely requires such an affidavit as would usually be made by persons who had general knowledge of the transaction in regard to which they swear, and not an absolute and unqualified assertion of positive knowledge. If the affidavit made was false and untrue, and upon a trial for perjury it was proved that the debtors had neither knowledge, information nor belief, there is no good reason why a conviction could not be had for the offense charged. Giving to the statute a reasonable construction we think the affidavit was substantially in conformity with its provisions.

There is no force in the objection that the inventory was not properly filed with the county judge. He being absent at the time from the county on account of his health, the delivery of the inventory to his clerk was a constructive delivery to him. The statute does not provide for a personal delivery, and

it is sufficient that the inventory came into his possession. The filing is not required to be in the handwriting of the judge, but may be done, we think, by his directions, in his absence or in his presence. It is a clerical and not a judicial act, and the object is answered by a filing of the inventory by his clerk at the office of the county judge, at the county seat where special terms are held, and where the judge has a clerk to file and take charge of such papers. The statute is fully answered by such a delivery and filing. Were it otherwise the object of the statute might be defeated by the absence of the county judge from the county. This never could have been intended. The inventory here, within the thirty days required by the act, was delivered to the county judge of the adjoining county, who was at the time holding court in, and authorized to exercise all the powers, and perform all the duties of the county judge of Livingston county, which said last-mentioned judge was by law authorized to exercise and perform at the court or in vacation. (Chap. 11, Laws of 1877.) The statute was thus fully complied with and the same was not unconstitutional. The provision of the law which rendered the assignment void, if the inventory was not filed as required, has been repealed by chapter 318, Laws of 1878, which provides that a failure to file the inventory shall not invalidate the assignment; and it confers upon the county judge the power to order any inventory filed to be corrected or amended.

The appellants' counsel insists that the act of 1878 repealed the penalty imposed by the act of 1877, and that all right of action on the part of the plaintiffs' to enforce the penalty is lost. Inasmuch as no valid reason is presented for setting aside the assignment upon the ground that the inventory was not filed as required by law, we do not deem it necessary to consider this question.

For the reasons stated the order of the General Term should be reversed, and the judgment upon the referee's report, affirmed, with costs.

All concur.

Order reversed and judgment affirmed.