## The City of Junction City v. Thomas Keeffe.

1. QUASHING WARRANT—*State May Appeal.* The state may appeal from a decision of a district court in a criminal action quashing a warrant.

2. IRREGULARITIES, *Waived.* When a defendant is arrested and brought before a court, and at his own suggestion enters into a recognizance for his appearance at a subsequent time, he waives all irregularities of the warrant and arrest.

3. INTOXICATING LIQUORS—*Jurisdiction of Police Judge—Complaint, Too Late.* Where an ordinance of a city of the second class provides that when a person is brought before the police judge "to be tried upon the charge of being the keeper of a place where intoxicating liquors are unlawfully kept and stored," and provides a punishment therefor, it is sufficient to give the police judge authority to try him. It is too late for the defendant to complain of any indefiniteness of the ordinance as to the time of filing the complaint and the power to arrest him after he has entered into a recognizance and has appealed to the district court from a conviction in the police court.

### Appeal from Davis District Court.

PROSECUTION upon the charge of being the keeper of a place where intoxicating liquors are unlawfully kept and stored in violation of an ordinance of Junction City. Judgment for defendant *Keeffe*, at the March term, 1888. *The City* appeals. The opinion states the facts.

*Thomas Dever,* for appellant.

*J. R. McClure,* and *James Ketner,* for defendant.

Opinion by HOLT, C.: This action was commenced in the police court of the city of Junction City, by filing a complaint, which, after the caption, is as follows:

"Emma Parsells, being duly sworn, upon her oath says that on this 21st day of June, 1887, at and within a certain one-story wooden building, (and the adjoining appurtenances to said building,) commonly called and generally known as Keeffe's drug store, and situated on lot 6, block 62, railroad addition to Junction City, within the corporate limits of the city of Junction City, in the county of Davis and state of Kansas, there is now unlawfully kept thereat certain and divers kinds and quantities of intoxicating liquors consisting of malt, vinous, spirituous and fermented liquors. The particular quantity of each kind of said intoxicating liquors is to affiant unknown. Affiant further saith that said intoxicating liquors are not kept by a druggist or physician having a right to keep and use said intoxicating liquors for lawful purposes, nor are said intoxicating liquors kept at said place for the private use of the keeper thereof, but that said intoxicating liquors are unlawfully kept in and at said above-described place for sale, barter and distribution in violation of the laws of the state of Kansas, and contrary to and in violation of the ordinance of the city of Junction City. Said affiant further saith, that on said 21st day of June, 1887, one Thomas Keeffe, there being, and being the occupant and keeper of said above-described place, did then and there unlawfully keep and maintain said place as a place for the unlawful keeping and unlawful storing of intoxicating liquors, and did then and there unlawfully keep said intoxicating liquors for unlawful purposes, contrary to and in violation of the ordinance of the city of Junction City."

The police judge issued the following warrant, which is, after omitting caption:

"Whereas, complaint in writing, under oath, has been made to me, and it appearing that there are reasonable grounds for believing that certain intoxicating liquors, to wit, malt, vinous, spirituous and fermented liquors in divers quantities are now

unlawfully kept and unlawfully stored in and at a certain one-story wooden building, (and at and within the adjoining appurtenances to said building,) commonly called and generally known as Keeffe's drug store, and situated on lot 6, block 62, railroad addition to Junction City, within the corporate limits of the city of Junction City, and that one Thomas Keeffe is the keeper of said place: You are therefore commanded forthwith to search the premises above described, and seize all malt, vinous, spirituous and fermented liquors found thereat, and bring the same before me to be disposed of as the law directs. And you are further commanded, that if you find any malt, vinous, spirituous or fermented liquors at said described premises, you will then forthwith arrest the said Thomas Keeffe and bring him before me to answer the charge of keeping a place where intoxicating liquors are unlawfully kept and stored in violation of the ordinance of the city."

The premises above described were searched by the officer, and a large quantity of beer, whisky and gin was found thereon. Thomas Keeffe, the defendant, was arrested and brought before the police judge. At his request the cause was continued for several days, and he entered into a recognizance for his appearance. On the day to which it was continued, the defendant moved to quash the complaint and warrant, which was overruled by the court. The case was continued from time to time before it was tried, when the defendant was found guilty and sentenced to pay a fine of $100 and the costs of the prosecution, and to be confined in the jail of Davis county for thirty days. From that judgment the defendant appealed to the district court, where a motion was made to quash the warrant, which was overruled, and the cause continued. At the March term, 1888, the following motion was made, which is, after caption:

"And now comes the defendant and renews his motion to quash the warrant issued for the arrest of the defendant in this case, for the following reasons: 1st, that said warrant was improvidently and illegally issued; 2d, that said defendant was arrested without any authority of law, and without any proper warrant."

This motion was sustained, and the defendant Keeffe was discharged without day. The state appeals.

The defendant contends that the judgment of the district court discharging him does not fall within any of the cases in which the state may appeal to the supreme court, namely: Upon a judgment for the defendant on quashing or setting aside an indictment or information; upon an order of the court arresting the judgment; or, upon a question reserved by the state. He claims that it cannot be upon a question reserved by the state, owing to the phraseology of § 288 of the criminal code:

"In case of an appeal from a question reserved on the part of the state, it is not necessary for the clerk of the court below to certify, in the transcript, any part of the proceedings and record, except the bill of exceptions and the judgment of acquittal."

He argues that the wording of this section presupposes an acquittal, and refers to that part thereof which provides that it shall not be necessary to certify in the transcript brought here any part of the proceedings and record except the bill of exceptions and the judgment of acquittal; and claims that by the usual rule of construction they must both be certified here before this court can have jurisdiction in the cause; and as there was no judgment of acquittal none could be certified, and therefore no authority for such an appeal is given by statute. This view of the section is founded upon the use of the word "acquittal" therein. Ordinarily in criminal jurisprudence it means a discharge after a trial, or an attempt to have one, upon its merits; but has "acquittal" as used in our statute no other or different signification than a judgment for defendant on a trial on the facts and merits of the action? In § 298, chapter 31, Compiled Laws of 1879, it is provided that when a defendant shall have been acquitted upon a trial on the merits and facts, and not upon any of the grounds stated in the preceding section, then such an acquittal may be pleaded in bar, etc. One of the grounds mentioned in the preceding section is exceptions to the form and substance of an indictment, and a discharge upon that ground is called in that section an acquittal. The wording of § 298 fairly implies that acquittal

is not confined in its meaning to a judgment in favor of defendant after a trial on the merits and facts of a case, but may also, and as there used does have the broader signification of a discharge by a judgment rendered for other reasons. We feel authorized to give it such meaning in § 288, *supra;* by so doing we hold that section valid and operative; otherwise it would be void so far as it might have any application to any question between the state and a defendant; it is very generally believed and held that an acquittal after a trial or attempted trial on the facts and merits implies that the defendant has once been put in jeopardy; and a judgment under such circumstances releases the defendant in both the trial and this court from any order or judgment that might otherwise affect him. We believe the phrase "question reserved by the state" is any exception embodied in a bill of exceptions where a defendant has been discharged for any cause except upon a trial on the merits, and the two exceptions named, *supra.*

If the motion in this case to quash the warrant was simply to attack its form or service, it was made too late. The purpose of a warrant is to bring the defendant into court. In this case its object had been accomplished, and all irregularity had been waived by the defendant in his conduct subsequent to the arrest in entering into a recognizance and taking an appeal. (*The State v. Blackman,* 32 Kas. 615; *The State v. Bjorkland,* 34 id. 377.) This motion to quash, however, was evidently treated by the trial court, and by the attorneys there and here, as an objection to the validity of the ordinance under which this action was commenced, and we shall treat it as attacking the ordinance. Section 3, so far as it concerns this question, is as follows:

"Upon complaint in writing and under oath, stating that intoxicating liquors are being unlawfully kept or stored in, at or about any place within this city, particularly describing the place where kept or stored, the police judge shall issue a warrant to the city marshal commanding said marshal to seize all intoxicating liquors found in, at or about the premises described in the complaint, and if there be any intoxicating liquors found in, at or about said premises, then the said marshal shall

arrest the owner, occupant or keeper of the place, or those found in charge thereof, and bring them before the police judge, there to be tried upon the charge of being the keeper or keepers of the place where such liquors were unlawfully stored or kept; and upon conviction thereof such person shall be fined in any sum not less than fifty dollars nor more than one hundred dollars, or by imprisonment in the county jail or city prison not less than thirty days nor more than three months, or by both such fine and imprisonment at the discretion of the police judge."

It is clearly within the power of cities of the second class in this state to make the unlawful keeping and storing of intoxicating liquors an offense. The law is preventive as well as remedial. When intoxicating liquors are kept for unlawful purposes, it may be declared an offense and made punishable without waiting for the further execution of the unlawful objects and purposes intended. This ordinance made it an offense to unlawfully keep and store intoxicating liquors, and declared the keeper guilty of an offense, and prescribed his punishment. It is urged that it is void for the reason that it authorizes the issuance of a search warrant on a complaint describing the place, and does not require the description of the property to be seized, or the person to be arrested. The ordinance provides that the property to be seized must be intoxicating liquors unlawfully kept and stored, and the complaint must so describe them, not specifically describing them by name necessarily, but stating that they are intoxicating liquors and are stored and kept unlawfully, and particularly describing the place where they may be; but under the question reserved by the state and brought here, we can only consider whether the ordinance is sufficient to authorize the trial of the keeper of the place where such liquors are stored.

The defendant finds fault with the ordinance because it fails to specify when a complaint should be filed charging a defendant with being the keeper of a place where intoxicating liquors are unlawfully kept and stored, and that the ordinance would seem to imply that the arrest was contingent upon the fact of finding intoxicating liquors stored upon his premises for un-

lawful purposes.   Before he could be tried, however, there must be a charge made against him, and this is provided for in the ordinance itself, which, though clumsily drawn, is sufficient to empower the police judge to try the defendant after he has waived all irregularities of his arrest.   The complaint charged the keeper with being the keeper of a place where intoxicating liquors were unlawfully kept and stored.   It was in writing, definite, explicit, and made and filed with the police judge before the warrant was issued.   Upon it he was brought before the police judge, and waived whatever irregularity there may have been in bringing him there, in voluntarily entering into a recognizance to appear before that officer upon a later day.   He was there in the language of the ordinance "to be tried upon the charge of being the keeper of a place where intoxicating liquors are unlawfully kept and stored."   He had his day in court, and ample time and opportunity given him to meet the charge and have a trial upon the merits and facts; he should have been held for trial; it was error to discharge him; therefore, we recommend that the cause be reversed, and remanded.

By the Court: It is so ordered.

All the Justices concurring.