The State v. Ladenberger.

recommend that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.

---

THE STATE OF KANSAS V. FRANK LADENBERGER.

INFORMATION — *Verification* — *Practice* — *Error*.  Where an information for unlawfully selling intoxicating liquors in violation of the prohibitory liquor law is verified by the county attorney according to the best of his knowledge and belief, and no motion is made to set aside the warrant under which the defendant was arrested, it is error for the district court to quash the information and dismiss the case upon the ground that the oath to the information does not state that the allegations and facts therein contained are true. (*The State v. Blackman*, 32 Kas. 615; *The State v. Clark*, 34 id. 289.)

*Appeal from Barton District Court.*

THE opinion states the case.

*L. B. Kellogg*, attorney general, and *Elrick C. Cole*, county attorney, for The State.

*Diffenbacher & Banta*, for appellee.

The opinion of the court was delivered by

HORTON, C. J.: An information, containing one count, was filed by the county attorney of Barton county against Frank Ladenberger for selling intoxicating liquors in violation of the prohibitory liquor law. The information was verified by the county attorney according to the best of his knowledge and belief. There was also filed with the information an affidavit of R. Wehr, stating that at the time and place alleged in the information he purchased intoxicating liquors of the defendant as a beverage, and paid for the same.

The defendant was arrested, and afterward filed a motion to dismiss the case, and for his discharge, upon the following grounds:

"1. There is no information on file in this court charging the defendant with any offense.

"2. The pretended information filed in this cause does not state facts sufficient to charge the defendant with a public offense.

"3. The pretended information was not verified as required by law."

Upon the hearing of the motion, the district court sustained the same. The state appeals to this court.

The information states an offense. The verification of the county attorney is sufficient for every purpose, except merely for the issuing of a warrant. (*The State v. Blackman*, 32 Kas. 615; *The State v. Clark*, 34 id. 289; *The State v. Brooks*, 33 id. 707.) No motion was made to set aside the warrant. The attack of the defendant was upon the information — nothing else.

The judgment of the district court will be reversed.

All the Justices concurring.