JOSEPH KOCH, Petitioner, v. THE DISTRICT COURT OF DES MOINES COUNTY, IOWA, and W. S. WITHROW, Judge, Defendants.

**Contempt:** INFORMATION: SUFFICIENCY. The affidavit in support of an information charging the violation of an injunction may be made upon information and belief; especially where the facts required to be stated are of such character that affiant can not have positive knowledge with reference thereto.

**Same.** Conceding that the section of the Constitution relating to seizure and search is applicable to contempt proceedings for violation of an injunction restraining the sale of liquor, and which requires a positive showing under oath to authorize issuance of the warrant, still it is held in this action that the affidavit in support of the information is sufficient.

**Same:** RIGHTS OF ACCUSED: HOW ENFORCED. Although the affidavit
3 made on information and belief in contempt proceedings is not
sufficient to support an investigation and authorize arrest, still
the remedy is not a motion to quash the information, but to set
aside the warrant because not issued upon proper information,
or by some other suitable proceeding to test the validity of the
warrant.

CERTIORARI proceedings to the district court of Des
Moines County and to Hon. W. S. Withrow, Judge.

WEDNESDAY, FEBRUARY 8, 1911.

Petition dismissed, writ discharged, and order affirmed.

*Poor & Poor,* for petitioner.

*M. S. Odle,* for defendants.

DEEMER, J.—The return to the writ shows the fol-
lowing facts material to our inquiry: In an action brought
by one B. E. Jones against petitioner, Joseph Koch, a de-
cree was entered by the district court of Des Moines county
on December 31, 1908, permanently enjoining petitioner,
the defendant in the action, from keeping, using, or occu-
pying a building in the city of Burlington for the purpose
of keeping, selling, or giving away therein or elsewhere in
the judicial district intoxicating liquors. Thereafter, and
on November 3, 1910, one M. E. Reusch filed an affidavit
and information in the office of the clerk of the district
court of Des Moines county, the material parts of which
read as follows:

(3) The said defendant since the rendition of said
decree has kept and sold intoxicating liquors in his said
place of business in the aforesaid county on lot eighteen,
block 969, Barrett's subdivision, in the city of Burlington,
and said sales were in violation of law, and of the    de-

cree of this court, as affiant is informed and verily believes.

(4) On October 26, 1910, said defendant did in violation of law and of said decree on the premises aforesaid sell intoxicating liquors, to wit, whisky and beer, to divers persons now unknown to affiant, as affiant is informed and verily believes.

(5) Said defendant on the above-described premises, at various times and to divers persons, at this time unknown to your affiant, unlawfully sold intoxicating liquors, to wit, beer, whisky and other intoxicants now unknown to affiant.

(6) Since the issuance of said decree, defendant has kept intoxicating liquors with intent to sell the same illegally in the city of Burlington, Iowa, as affiant believes.

Wherefore affiant asks that a warrant issue for the arrest of said defendant, and that he be brought before the honorable district court, or one of the judges, at such time as the said judge or court may set, to show cause, if any he may have, why he should not be held in contempt of court and dealt with accordingly.

This was subscribed and sworn to by Reusch before a notary public. This information and affidavit was presented to defendant judge, and upon the strength thereof he directed that warrant issue for the arrest of the petitioner, and that petitioner be brought before him (the judge) at the courthouse in Burlington, Iowa, on November 15, 1910, to show cause why he should not be punished for contempt. Defendant was arrested, gave bond for appearance, came before the court at the time fixed, and filed a motion to quash the information and affidavit for contempt. This motion was overruled, and petitioner herein was ordered to plead or answer said information. Thereupon this writ was sued out, and it is now contended that the defendant judge exceeded his jurisdiction and otherwise acted illegally in that:

(1) Neither the judge nor the court had or has

jurisdiction to order the arrest or detention of plaintiff on the information filed, which affirmatively shows that the person who made and verified the same did not witness the alleged misconduct of plaintiff which is set forth as constituting the supposed contempt, or have knowledge of the same, but the charge is made upon hearsay merely.

(2) The said so-called information does not set out the alleged facts supposed to constitute the contempt, but only what the affiant is informed are the facts.

(3) Plaintiff's arrest and detention on said so-called information was in violation of article 1, section 8, of the Constitution of Iowa.

(4) No *prima facie* case of contempt was made by the so-called information.

The constitutional provision relied upon reads as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable seizures and searches, shall not be violated; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons and things to be seized." Article 1, section 8, Const. Iowa. It is very doubtful if the provision has reference to anything but search warrants; but more as to this hereafter. Section 2407 of the Code, under which the proceedings against petitioner were commenced, reads: "In case of the violation of any injunction granted under the provisions of this chapter, the court, or in vacation a judge thereof, may summarily try and punish the offender. The proceedings shall be commenced by filing with the clerk of the court an information under oath, setting out the alleged facts constituting such violation, upon which the court or judge shall cause a warrant to issue, under which the defendant shall be arrested. The trial may be had upon affidavits, or either party may demand the production and oral examination of the witnesses." It will be observed that the fourth specification of the affidavit and informa-

tion is upon information and belief; that the fifth is a direct charge, but is not limited except inferentially as to time; that the sixth is upon belief, and the third is in our opinion a direct charge of keeping and selling liquor upon the premises, affiant stating upon information and belief that such sales were in violation of law and of the original injunctional decree.

In construing a statute very similar to section 2407 of the Code, this court held in *Jordan v. Circuit Court,* 69 Iowa, 177, that an information or affidavit upon informa-

1. CONTEMPT:
information:
sufficiency.

tion and belief was sufficient basis for a charge of contempt. In that case it was said: "The affidavit of one Drake was filed in these cases; but it is objected that it is insufficient, because it merely shows the facts constituting the violation of the injunctions, and does not show that the affiant had personal knowledge of the facts. In our opinion, however, the affidavit complies with the statute. It is not expressly provided that the affiant shall show that he had personal knowledge of the facts, and the only action of the court which can be based upon the affidavit is of a formal character; the evidence upon which the defendant is to be adjudged guilty, if at all, being still to be adduced." In *Pumphery v. Anderson,* 141 Iowa, 140, an affidavit upon information and belief was treated as sufficient, although no discussion was had of the sufficiency thereof. The rule quoted generally announced is that an affidavit sworn to on the belief of a party is equivalent to swearing that it is true. *Champ v. Kendrick,* 130 Ind., 549 (30 N. E., 787); *State v. Ellison,* 14 Ind., 380; *Simpkins v. Malatt,* 9 Ind. 543; *Harris v. Heberton,* 6 Miss. 575; *Osprey v. Jenkins,* 9 Mo. 643; *Pratt v. Stevens,* 94 N. Y. 387; *Election Cases,* 65 Pa. 20; *Gibbons v. Sheppard,* 2 Brewst. (Pa.) 1. To swear that one believes a thing to be true is equivalent to swearing that it is true. Again, where the facts required in an affidavit are of such a character that positive knowl-

edge on the part of an affiant is impossible, such affidavit
may be made on information and belief. *Leigh v. Green,*
62 Neb. 344 (86 N. W. 1093, 89 Am. St. Rep. 751);
s. c. 64 Neb. 533 (90 N. W. 255, 101 Am. St. Rep. 592);
*Pratt v. Stevens,* 94 N. Y. 387; *Gates v. Maxon,* 1 Ohio
Dec. 132. These last observations have special reference
to the third, fifth, and sixth specifications. The third spe-
cifically charges the keeping and selling of intoxicating
liquors after the entry of the decree and concludes upon
information and belief that these sales were in violation of
law and of the decree of the court. The sixth alleges the
keeping of intoxicating liquors since the issuance of the
decree with intent to sell the same illegally in the city of
Burlington as affiant believes. Now, we have heretofore
held that it is not necessary to name the building in which
the liquors were kept or sold, or to name the purchasers;
these being evidentiary matters. So that we are constrained
to hold the third and sixth specifications sufficient under
section 2407 of the Code.

Conceding, arguendo, that the constitutional provision
applies, we are also of opinion that these specifications an-
swered the requirements thereof. See, as sustaining this
view, *Taylor v. Robinson,* 26 Wis. 545;
2. SAME.        *Simpkins v. Malatt,* 9 Ind. 543; *In re
Lowrey v. Gridley,* 30 Conn. 450; *State
v. Davie,* 62 Wis. 305 (22 N. W. 411). If the
charge were simply on information and belief, the weight
of authority seems to support the rule that it would be
insufficient under a constitutional provision requiring a
positive showing upon oath or affirmation. *Ex parte Fku-
moto,* 120 Cal. 316 (52 Pac. 726); *Badger v. Reade,* 39
Mich. 771; *State v. Gleason,* 32 Kan. 245 (4 Pac. 363);
*State v. Newton,* 16 N. D. 151 (112 N. W. 54); *Proctor
v. Prout,* 17 Mich. 473. But we think the affidavit here
filed is something more than that, and was sufficient to jus-
tify the court in issuing its warrant for petitioner's arrest.

Moreover, the petitioner has not yet been convicted. The warrant was simply to bring him into court in order that the charge against him might be investigated. The attack in this case is upon the information, and no motion was made to set aside the warrant. The information was sufficient foundation for the investigation as held in *McGlasson v. Scott*, 112 Iowa, 289, and, if it were not, a motion to quash was not the proper procedure. Petitioner's remedy, if he had any, was to set aside the warrant because not issued upon probable cause, *habeas corpus*, or some other procedure whereby the legality of the warrant might be tested. After defendant was arrested, he gave bail and appeared as commanded in the warrant, and attacked the sufficiency of the information. If petitioner would advantage himself of his supposed constitutional right, his attack must be upon the warrant and not upon the information under which he is to be tried. This is distinctly held in *State v. Moseli*, 49 Kan. 142 (30 Pac. 189); *State v. Ladenberger*, 44 Kan. 261 (24 Pac. 347). In the former case, which is from a state where the law is as defendant contends, the Supreme Court of Kansas said:

3. SAME: rights of accused: how enforced.

If we treat the information as one verified on information and belief, the objection of the defendant is not available. No motion was made to set aside the warrant, nor to discharge the defendant from arrest. He voluntarily submitted and waived any irregularity that may have been in the verification. When arrested, he entered into a recognizance binding himself to appear at the next term of the court and answer the charge which had been preferred against him, and subsequently he pleaded to the charge without questioning the sufficiency of the verification or of the information as a basis for a warrant. A charge verified upon information and belief is good for all purposes except for the issuance of a warrant to bring the defendant into court; but when he is arrested, and voluntarily enters into a recognizance to appear at the following term, and pleads to the charge

made against him, he waives all objections to the warrant and arrest. *State v. Blackman,* 32 Kan. 615 (5 Pac. 173); *State v. Clark,* 34 Kan. 289 (8 Pac. 528); *State v. Bjorkland,* 34 Kan. 377 (8 Pac. 391); *State v. Longton,* 35 Kan. 375 (11 Pac. 163); *Junction City v. Keefe,* 40 Kan. 275 (19 Pac. 735); *State v. Ladenberger,* 44 Kan. 261 (24 Pac. 347); *State v. Tuchman,* 47 Kan. 726 (28 Pac. 1004).

Having held the information sufficient under section 2407 of the Code, the petitioner is in no position to challenge it, and, as he did not directly attack the warrant or move that he be discharged from arrest, the constitutional question is not properly presented, and need not be considered.

There was no error in overruling the motion to quash the information. The petition must be dismissed, the writ discharged, and the order made by the defendant judge, *Affirmed.*