## SHAW *v.* STATE OF INDIANA.

[No. 24,566.    Filed March 18, 1925.]

1.   JUDGES.—*Change of judge imperative upon proper application.*—Where an affidavit for a change of venue from the judge meets the requirements of §2235 Burns 1926, §2074 Burns 1914 and is timely presented to the trial court, it is imperative upon the judge to grant the change.   p. 43.

2.   JUDGES.—*An affidavit for change of judge is sufficient if in the words of the statute.*—An affidavit for a change of judge stated sufficient statutory grounds for asking such change, and concluded with the affidavit of defendant that "the matters and facts set forth in the above petition   *   *   *   are true in substance and in fact as he verily believes and is informed;" the defendant on being questioned by the judge stated that he did not know about the reasons for the change until the attorneys asked him to sign the affidavit; *held,* the words "and is informed" do not lessen the force and effect of the preceding words, the oral remarks of the defendant must be disregarded, and the affidavit is sufficient to authorize a change of judge. p. 43.

From Marion Criminal Court (55,732) ; *James A. Collins,* Judge.

John Shaw was convicted of first degree murder, and he appeals.    *Reversed.*

*William S. Henry, Joseph K. Brown, Clyde P. Miller* and *Russell B. Harrison,* for the appellant.

*U. S. Lesh,* Attorney-General, and *Dale F. Stansbury,* for the State.

PER CURIAM.—Appellant, upon a two-count indictment, was tried and convicted in the criminal court of Marion county, Indiana, of murder in the first degree. Judgment that he suffer death.   §§2412, 2363 Burns

1926, §§2235, 2196 Burns 1914, Acts 1905 p. 584. The overruling of appellant's motion and his supplemental motion for a new trial are each separately assigned as error. One of the several causes in support of the original motion was that the court erred in refusing to grant appellant's application for a change of venue from the judge.

We have examined carefully the record at bar, from which we are thoroughly convinced that the court erred in refusing to change the venue. None of the other causes in either motion will likely arise upon another trial, nor are they such that any real benefit would be gained in the way of a precedent if they were decided. We will therefore limit our consideration to the specific cause for a new trial to which we have called attention.

The reader of this opinion may be interested in a brief statement of the facts in this case leading up to and including the ruling on the motion in question. On December 12, 1923, an indictment was returned into the criminal court of Marion county, Indiana, charging, in substance, that appellant, on or about November 28, 1923, at said county and state, in the manner therein stated, murdered a human being. On December 13, 1923, the trial court, upon its own motion, and as a part of the proceedings in that action, caused an order book entry to be made, in part as follows: "On account of the seriousness of the charge and the public excitement growing out of the arrest and indictment of said defendant, and to assure the defendant a fair and impartial trial, as provided by the Constitution and laws of this state, the court now appoints H. B. Pike and C. H. Thurston, attorneys in good standing at this bar, to defend said John Shaw." On the same day the court directed the sheriff to permit the attorneys so appointed to "confer with the defendant at such hours as is consistent with the rules of the jail that they may make

proper preparation for his defense." On December 15, 1923, the trial court ordered a special venire of fifty persons to be drawn by the jury commissioners for service as petit jurors in the case of *State* v. *Shaw*, for trial December 19, 1923. On December 18, 1923, William S. Henry and Joseph K. Brown, attorneys, on behalf of appellant, presented to the court a motion for a continuance, by appellant properly verified, showing among other things that the employment of these attorneys by relatives of appellant was consummated on the 15th inst., and that it had been impossible for them to properly prepare his defense within the time of their employment and that he should be granted a continuance. This motion was overruled, and on the 19th inst. the attorneys for appellant so appointed by the court presented a motion to quash the indictment, which motion was then and there overruled, and upon the arraignment of appellant, he pleaded not guilty. Thereupon, William S. Henry and Joseph K. Brown, attorneys appearing for appellant, filed and presented to the court appellant's verified motion for a change of venue from the judge, which motion and affidavit, omitting the caption and jurat, follows:

"Comes now the defendant in the above entitled cause who would respectfully represent and show the Honorable Court that he is the defendant in said above entitled cause and that this defendant says, that he cannot have a fair and impartial trial before the Honorable James A. Collins, Judge of Marion County Criminal Court for the following reasons, to wit:

"On account of the bias and prejudice of said judge against this affiant as such defendant, and which bias and prejudice this affiant says now exists.

"Affiant further says, that the bias and prejudice of said judge against this affiant as such defendant, has just been discovered by said affiant and that as soon as said bias and prejudice was discovered,

said affiant made this petition for a change of venue from said judge, James A. Collins, of Marion County Criminal Court.

"Wherefore affiant prays the honorable court that he be granted a change of venue from said judge and for all other proper relief the court deems just and proper in the premises.

"John Shaw,
"Attorneys for Defendant.

"STATE OF INDIANA ⎫
                    ⎬ SS:
"COUNTY OF MARION ⎭

"Comes now John Thomas Shaw who first being duly sworn upon his oath deposes and says: That the matters and facts set forth in the above petition for a change of venue are true in substance and in fact as he verily believes and is informed.

John Shaw."

The record then discloses that—"on receiving said motion the judge called the defendant to the bench and asked him if he had consulted with the attorneys appointed to defend him concerning his motion, and he said 'No, that he knew nothing about it until the attorneys Henry and Brown had asked him to sign it.'" The court overruled the motion "to which ruling the defendant by his counsel at the time excepts." Immediately thereafter, counsel began impaneling the jury. On December 24, 1923, appellant was convicted. For the purposes of this opinion, further recitals are unnecessary.

Our criminal code provides that—"The defendant may show to the court by affidavit that he believes that he cannot receive a fair trial owing to the bias and prejudice of the judge against him. * * *" §2235 Burns 1926, §2074 Burns 1914 (Acts 1905 p. 584, §203). But for the addition of the words "against him" following the words "prejudice of the judge," this statute has been in force in this state since 1852. 2 R. S. 1852, p. 370.

It has been the settled law of this state for many years that where an affidavit meets the requirements of this statute, and is timely presented to the trial court for a change of venue from the judge, it is imperative upon the court to grant it. *Goldsby* v. *State* (1862), 18 Ind. 147; *Mershon* v. *State* (1873), 44 Ind. 598; *Manly* v. *State* (1875), 52 Ind. 215; *Duggins* v. *State* (1879), 66 Ind. 350; *Woodsmall* v. *State* (1914), 181 Ind. 613; *Munce* v. *State* (1918), 187 Ind. 263.

1.

In the instant case the time of making the application to the court is not questioned. Counsel for the state concede that the court has no discretion in granting a change of venue from the judge when an adequate affidavit therefor is presented, but they do insist that the affidavit is not sufficient for the reason: (1) That the bias and prejudice of the judge was not sworn to as a positive fact, and (2) the statement of appellant to the court clearly indicated that the requested change came from his attorneys and not from him, and hence the general rule that a court has no discretion in granting a change of judge does not apply.

The application and affidavit in the instant case must be regarded as a single instrument, or, we may say, they together constituted appellant's application verified by himself and upon which he relied for the relief he asked. Thus considered, the application states: (1) "That he cannot have a fair and impartial trial" before the presiding judge "on account of the bias and prejudice of said judge against" him, which now exists, and (2) "that the matters and facts set forth" above "are true in substance and in fact," qualified by the words "as he verily believes and is informed." Had appellant omitted the foregoing qualifying phrases there would be no room for the state's contention, but does the phrase "as he verily

2.

believes and is informed" render facts directly stated insufficient when they otherwise would be admittedly sufficient under the statute to require a change of venue from the judge?

The statute contemplates a showing by affidavit of what the defendant believes to be the fact, that he cannot have "a fair trial, owing to the bias and prejudice of the judge" against him. The maker of an affidavit of the character now being considered, in the very nature of things, cannot know the true state of mind of the presiding judge, and for that reason obviously he must act and make oath upon his belief. If we should grant the contention of the state, that under the statute the bias and prejudice of the judge must be stated as a positive fact, still appellant's verified application would be sufficient and well within the rule stated in the following cases:

In *In re Keller* (1888), 36 Fed. 681, 686, it is said: "A man swears to what he believes to be true; and, when he states a fact under oath, he says he verily believes it to be true." In *Pratt* v. *Stevens* (1883), 94 N. Y. 387, the court said: "The addition of the words, 'to deponent's best knowledge, information and belief,' does not modify or detract from the words previously employed." In *Leigh* v. *Green* (1902), 64 Nebr. 533, 536, 90 N. W. 255, 256, 101 Am. St. 592, the general rule there announced is "that an oath taken before a competent officer merely verifies truth of the facts stated, according to the best knowledge, information and belief of the affiant." So that—"To expressly state that which, in the absence of such statement, would be necessarily implied, affects only the form and not the substance of the affidavit." *Leigh* v. *Green* (1901), 62 Nebr. 344, 349, 86 N. W. 1093, 1095, 89 Am. St. 751, 756.

In the case of *Champ* v. *Kendrick, Trustee* (1892), 130 Ind. 549, the verification of a complaint by an affi-

davit "that the matters and things set forth in the fore-going complaint are true, as he is informed and be-lieves," was regarded as the equivalent to swearing that the facts in the complaint were true. *Simpkins* v. *Malatt* (1857), 9 Ind. 543; *Koch* v. *District Court* (1911), 150 Iowa 151, 129 N. W. 740; *Election Cases* (1870), 65 Pa. St. 20, 30.

The persuasive argument of the state in support of her insistence would be quite influential if the verified application, in form, was "that as the affiant is informed and believes, or has good reason to believe" that certain facts exist, instead of that certain facts are true as affiant verily believes, or if absolute verity of facts was required, or the verified application was evidentiary in character of facts which required proof, then to state them, not as facts but as matters of belief and opinion, would not suffice. But in the instant case the statute, *supra,* granted appellant the right and provided the terms which, if complied with, gave him the privilege of demanding arbitrarily a change of judge. This conclu-sion must be correct for the reason there is no issue of fact to be determined or matter calling for the exercise of judicial discretion which would permit a judge to sit in judgment upon the question of his own qualifications. *State* v. *Witherspoon* (1910), 231 Mo. 706, 716, 133 S. W. 323; 16 C. J. 203, note 56.

The state places some reliance upon the answers of appellant to questions by the court. It may be that the court was actuated to make the questioned ruling by the answers of appellant, and that the court was prompted to question appellant by reason of the words "and is informed" following the words "as he verily believes," but in our opinion, the words "and is informed" do not lessen the force and effect of the words they follow, for the reason that the source of appellant's informa-tion upon which he rested his belief was not material or

a proper subject of inquiry. The law does not contemplate such procedure as a 'basis for a ruling upon the question then before the court. Hence, the oral remarks of appellant in response to the questions by the judge must be disregarded.

For the reasons stated, we hold that the application in question embraces the essential requirements of the statute applicable to changes of venue from the judge. Such being the case, it was error to refuse the change. This conclusion compels a reversal of the judgment.

Judgment reversed and the cause remanded, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

It is further ordered that the clerk of this court make and certify to the warden of the Indiana State Prison the usual order for the return of appellant to the custody of the sheriff of Marion county, Indiana.