**Ronald W. CALLENIUS, Plaintiff,**

v.

**The Hon. David J. BLAIR, as Judge of the District Court of Iowa, in and for Sioux County, Third Judicial District, Defendant.**

No. 65586.

Supreme Court of Iowa.

Aug. 26, 1981.

As Corrected Oct. 23, 1981.

Maurice B. Nieland of Kindig, Beebe, Rawlings, Nieland & Killinger, Sioux City, for plaintiff.

Charles T. Patterson of Gleysteen, Harper, Eidsmoe, Heidman & Redmond, Sioux City, for defendant.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

In this original certiorari action plaintiff, Ronald W. Callenius, challenges a contempt order entered by defendant, The Honorable David J. Blair, District Judge. Defendant found Ronald in contempt of court for failing to comply with the alimony, child-support, and visitation provisions of a dissolution decree and ordered him committed to the Sioux County Jail for a term of thirty days unless he purged himself of contempt within a specified period of time. The application claiming contempt was filed by Donna J. Callenius, Ronald's former wife. She is the real party in interest in this appeal and with our permission appeared on behalf of the nominal defendant.

Ronald presents three questions for our consideration: (1) Did Donna's verified application for a contempt citation constitute an affidavit, as required by section 665.6, The Code? (2) Were the terms of the dissolution decree and contempt order so vague,

indefinite, and unclear as to render the contempt order invalid? (3) Was there sufficient evidence to justify a finding that Ronald's failure to comply with the dissolution decree was willful?

Defendant entered a decree dissolving the marriage of Ronald and Donna on November 28, 1979. The decree awarded custody of the parties' three children to Donna; provided for visitation, child support, and alimony; and divided the parties' property. Both parties appealed from the decree, which we affirmed in a separate opinion filed today. *In re Marriage of Callenius,* 309 N.W.2d 510 (Iowa 1981). During the pendency of the appeal, pursuant to Donna's application, this court ordered a limited remand to the district court to allow Donna to initiate the contempt proceeding that gave rise to this certiorari action.

I. *Affidavit.* Donna filed an application for a contempt citation in Sioux District Court alleging that Ronald had not fully paid his child-support and alimony obligations and failed to return the children from a visit in June of 1980. The application was signed by her attorney. Immediately beneath the attorney's signature appeared a sworn verification signed by Donna. The verification stated that Donna had read the application and "that the same is true and correct to the best of my knowledge and belief."

Section 665.6, The Code, provides: "Unless the contempt is committed in the immediate view and presence of the court, or comes officially to its knowledge, an *affidavit* showing the nature of the transaction is necessary as a basis for further action in the premises." (Emphasis added). Ronald asserts that a "verification" and an "affidavit" are separate and distinct documents. He argues that the application was defective because it failed to contain an affidavit, as required by section 665.6. We must therefore determine whether, as Donna contends, the verified application constituted "an affidavit showing the nature of the transaction."

Affidavit is defined as "[a] written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." Black's Law Dictionary 54 (5th ed. 1979). Factual allegations supporting Donna's contempt claim were included in the body of the application. Her verification was subscribed and sworn to before a notary public, a person authorized to administer oaths. *See* §§ 77.7, .19(3)–(4), The Code. Furthermore, the verification confirmed the veracity and correctness of the application, to the best of Donna's "knowledge and belief."

■ To comply with the section 665.6 requirement of showing "the nature of the transaction," a major portion of the application had to be based upon records found in the clerk of court's office and the affiant's opinion. Child support and alimony are required to be paid through the clerk of court, and the clerk keeps the official records. § 598.22, The Code. The allegations in the application that Ronald understood the decree and that his failure to pay support and to return the children was a willful attempt on his part to violate the terms of the decree were matters of opinion. When an affidavit must necessarily contain facts derived from others or is dependent upon opinions of the affiant, such an affidavit may be made on information and belief:

> To swear that one believes a thing to be true is equivalent to swearing that it is true. [W]here the facts required in an affidavit are of such a character that positive knowledge on the part of an affiant is impossible, such affidavit may be made on information and belief.

*Koch v. District Court,* 150 Iowa 151, 155–56, 129 N.W. 740, 742 (1911); *see Jordan v. Circuit Court,* 69 Iowa 177, 179, 28 N.W. 548, 549 (1886) (affidavit based upon information and belief sufficient for charge of contempt); 2A C.J.S. *Affidavits* § 49a (1972); *cf. State v. Japone,* 202 Iowa 450, 453, 209 N.W. 468, 470 (1926) (information verified on belief conforms with Iowa practice on affidavits).

■ We believe Donna's verification of her application was sufficient to constitute

an affidavit. Language contained in 3 Am. Jur.2d *Affidavits* § 20 (1962), supports this view:

> The affidavit may be in the form of a verification, that is, a sworn statement of the truth of the facts stated in the instrument verified. An affidavit thus referring to an attached instrument is as full and complete as if the matters stated in such instrument were set out in the affidavit itself.

Accordingly, we hold that the verified application constituted an affidavit within the meaning of section 665.6.

II. *Vagueness.* We have held that a defense based on lack of willfulness exists when a clause in a decree or judgment is so uncertain and indefinite that it may not be readily understood and is therefore incapable of performance. *Phillips v. District Court*, 252 Iowa 140, 145, 106 N.W.2d 68, 70 (1960); *Lynch v. Uhlenhopp*, 248 Iowa 68, 72, 78 N.W.2d 491, 494 (1956); *see* 17 C.J.S. *Contempt* § 42 (1963); 49 C.J.S. *Judgments* § 72 (1947). Ronald alleges the decree of dissolution and contempt order are vague, confusing, and uncertain. In both instances he concentrates his attack on provisions concerning interest on the property division, which were not a basis for the trial court's finding of contempt.

A. *Decree of dissolution.* Ronald's attack on the decree of dissolution is collateral. While a decree generally cannot be attacked collaterally, a void judgment remains subject to collateral attack. *Wederath v. Brant*, 287 N.W.2d 591, 595 (1980). There is a presumption that a judgment is valid, however. *Marshfield Homes, Inc. v. Eichmeier*, 176 N.W.2d 850, 851 (Iowa 1970). We must examine whether or not the decree is void for vagueness, or at least so uncertain and indefinite that Ronald's lack of payment could not be deemed willful.

The decree, *inter alia*, awarded to Donna $225,000 as her portion of the property settlement. Payment was ordered to be made in installments, with the first payment of principal being deferred for several years. Interest at the rate of five percent was to be paid annually, and, in the event of delinquency, interest was to be paid at the rate of nine percent. Ronald claims that the decree is vague, confusing, and uncertain because it apparently gives him "an option of paying the interest at 5% on the date scheduled, or allowing it to increase to a rate of 9% on any amounts that are not paid on the scheduled dates." We find this contention to be without merit. More importantly, however, his claim of uncertainty concerning the interest on the property settlement cannot serve as a defense to willful violation of the child-support, alimony, and visitation provisions of the dissolution decree. When a portion of a decree is found to be void for vagueness, it does not necessarily void the entire decree. *See Lynch*, 248 Iowa at 75, 78 N.W.2d at 496; *cf. In re Marriage of Maskel*, 225 N.W.2d 115, 118–19 (Iowa 1975) (dissolution decree may be vacated in part). Here, Ronald's attack is limited to the interest provisions of the property settlement. It does not affect the child-support, alimony, and visitation provisions of the dissolution decree.

B. *Contempt Order.* Ronald directly attacks the order finding him in contempt. He claims the order was general, uncertain in scope, unclear, and ambiguous, and, thus, he cannot be found in contempt. We disagree.

The order provides that Ronald can purge himself of contempt for failing to pay child support and alimony by paying the arrearages thereon plus court costs and interest on the property settlement due January 1, 1980. The order also provides that Ronald can purge himself of contempt for violating his visitation rights by filing a written statement under oath that he will obey all custodial orders and insist that the children do the same, and that he will not do anything to undermine the relationship that customarily exists between children and their natural mother. The order clearly informs Ronald of the conditions he must fulfill to purge himself of contempt.

We do find the condition in the contempt order requiring Ronald to pay in-

terest on the property settlement due January 1, 1980, to be invalid, however. One of the purposes of contempt is to compel obedience to an order of the court. It is therefore proper for the court to provide for purgation of contempt by imposing conditions designed to procure compliance with the court order. However, "the court may not attach a condition not connected with the subject of the contempt." 17 C.J.S. *Contempt* § 111. Donna's contempt application does not allege that the interest due January 1, 1980, is unpaid. Furthermore, the interest, which is part of the property settlement, is not connected with the subject matter of the contempt—child support, alimony, and visitation. We therefore hold that the trial court erred in requiring payment of the interest as a condition of purgation of contempt.

■ III. *Willfulness.* Noncompliance with a provision in a dissolution decree must be willful to be a ground for a contempt citation. § 598.23, The Code. Ronald asserts that the trial court acted illegally in holding him in contempt because his actions in not paying the full amount of his child-support and alimony obligations were not willful. Ronald claims that he has had severe financial difficulties as a result of the dissolution decree and an attempt by attorneys for Donna and the children to execute on proceeds of a farm sale that caused the sale to fall through, at a substantial loss to him. He also maintains that he is unable to borrow money, has to make principal payments on his farm contract, had to rent out the land, and has been unable to find steady employment.

The trial court made the following finding concerning the child-support and alimony obligations:

> Petitioner also complains that respondent has paid no substantial amount on his obligation for child support or alimony since March 31, 1980, and the Court so finds.... About nine months ago, this Court found respondent's net worth to be the sum of $900,000. Even excluding assets whose value was contingent in nature, such net worth could not have been less than several hundred thousand dollars. Now, respondent characterizes this Court's prior decree as a "guesstimate" and says under oath, at various times, that he has no net worth or that his present net worth is simply unknown. It is apparent to the Court that such testimony is "not worthy of belief". It is also apparent that respondent has managed to keep his head above water on all financial obligations except child support and alimony. It is apparent that respondent could have paid all or substantially all of his obligations for child support and alimony but has simply failed to do so. He has made no adequate explanation of his current financial resources. Respondent's conduct constitutes an intentional, willful and contumacious violation of the support provisions of this Court's decree of November 26, 1979.

■ Certiorari is an action at law to test the legality of action taken by a lower court or tribunal, and our review is not de novo. *Lane v. Oxberger,* 224 N.W.2d 245, 247 (Iowa 1974). Findings of fact are generally not reviewable on certiorari. However, when a judgment of contempt, which is quasi-criminal in nature, is challenged, we examine the evidence to ensure that proof of contempt is clear and satisfactory. *Id.; State v. District Court,* 231 N.W.2d 1, 5 (Iowa 1975); *State v. Cullison,* 227 N.W.2d 121, 126 (Iowa 1975).

Ronald does not dispute the fact that he did not pay all of the child support and alimony due under the provisions of the dissolution decree. He seeks to avoid the consequences of his nonpayment, however, by claiming that he did not have money available to make payments and that he was unemployed. Similar claims were made in *Harkins v. Harkins,* 256 Iowa 207, 127 N.W.2d 87 (1964), in which we stated: "The test is not merely whether appellee is presently working or has current funds or cash on hand, but whether he has any prop-

erty out of which payment can be made."
*Id.* at 211, 127 N.W.2d at 90.

We have reviewed the record and conclude that the trial court's finding of contempt was based upon clear and satisfactory evidence that defendant willfully and contemptibly disobeyed the child-support and alimony provisions of the dissolution decree. Among other things, the record shows that Ronald sold eighty acres of land on contract, had income from a hay operation, and gave a substantial amount of farm equipment to his father. He also had sufficient resources for a trip to Arizona to look for employment. Although Ronald attempted to explain that these actions were necessary because of other financial commitments, the trial court was justified in concluding that he could have paid the child-support and alimony obligations.

IV. *Conclusion.* Ronald has complied with the condition in the contempt order allowing him to purge himself of contempt for violating the visitation provisions of the dissolution decree. That contempt citation is therefore moot.

Defendant erred in conditioning purgation of contempt for violating the child-support and alimony provisions of the dissolution decree on Ronald's payment of interest on the property settlement due January 1, 1980. This matter is therefore remanded to the district court for entry of an order nullifying that condition.

All other portions of the order shall remain in effect.

WRIT SUSTAINED IN PART AND ANNULLED IN PART; REMANDED FOR ENTRY OF ORDER.