**Maurice ICKOWITZ, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR POLK COUNTY, Defendant (Two Cases).**

Nos. 88–1283, 89–432.

Supreme Court of Iowa.

March 21, 1990.

Raymond E. Rogers, Appellate Defender, for plaintiff.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for defendant.

CARTER, Justice.

This case concerns two contempt proceedings against Maurice Ickowitz based on alleged failure to pay court-ordered child support and to meet child health care provisions imposed on him in the May 12, 1988, decree dissolving his marriage to Kathleen Ickowitz. That decree provided that Maurice was to pay Kathleen through the Iowa Department of Human Services Collection Center (later changed to the Clerk of the Iowa District Court for Polk County) $40 per week for each of the parties' two children. The decree also provided that Maurice should purchase medical and hospitalization coverage for the children and pay one-half of their medical expenses which were not covered by that insurance.

On August 16, 1988, Kathleen obtained an order directing Maurice to show cause why he should not be found in contempt for intentionally and willfully failing to pay the child support required by the decree. On August 31, 1988, an evidentiary hearing was held on the matters raised in the order to show cause. On September 1, 1988, the defendant judge in No. 88–1283 found that Maurice was in contempt because he had willfully disobeyed and resisted those provisions in the decree requiring him to pay child support. The court ordered that Maurice be confined in the Polk County Jail for thirty days.

The order imposing confinement provided that, if Maurice paid the delinquent child support which totaled $671 within five days of the order and presented a receipt for such payment to the court, the order for his commitment would be canceled. That order further provided that if Maurice was imprisoned under the order he could obtain his release at any time by paying the $671 delinquency plus any additional unpaid child support which had accrued in the meantime.

Maurice challenged the September 1 order by a motion for reconsideration filed in the district court and by an original petition for certiorari in this court. While his request for a writ was pending, this court stayed the order for his imprisonment. In the meantime, the defendant judge on September 16 held a hearing on the contemner's request for reconsideration.

Although following the September 16 hearing the defendant judge found that the contemner was probably unable to pay the $671 within the five-day grace period, it was ordered that he be imprisoned for the acts of willful contempt which antedated the September 1 order. The September 16 order withdrew any opportunity for the contemner to secure his release through the payment of the delinquencies, and it provided that the thirty-day sentence would be served over ten, three-day weekends.

The order of this court granting certiorari in No. 88–1283 and staying Maurice's imprisonment under the September 1 and September 16 orders provided that such stay did not preclude further action in the district court to punish future failures to abide the dissolution decree. That authorization led to the contempt proceeding which is the subject of the original certiorari action in No. 89–432. That proceeding involved an order to show cause issued on January 27, 1989, which, following a March 3, 1989, hearing, resulted in a finding of three additional acts of contempt and the imposition of three consecutive thirty-day periods of confinement in the county jail.

I.  *Validity of Order for Imprisonment in No. 88–1283.*

The first issue for our consideration is whether there are any legal infirmities in the September 16, 1988, order of the defendant judge ordering contemner's imprisonment. We consider the arguments which contemner advances in order to gain relief from the sanction imposed.

A.  *Whether contemner's imprisonment under the September 16, 1988, order was warranted under limitations established in Greene v. District Court.* Contemner does not challenge the factual basis

for the findings of contempt contained in the defendant judge's September 1 order. He asserts, however, that, in ordering his imprisonment following the September 16 hearing, the defendant judge failed to observe the limitations established by this court in *Greene v. District Court*, 342 N.W.2d 818 (Iowa 1983).

A hearing was held on September 16 at which the contemner attempted to explain why he did not meet the conditions imposed in the September 1 order. Following that hearing, the defendant judge found that contemner was probably not able to make payment of those sums of delinquent child support which had been made a condition for staying out of jail in the September 1 order. Notwithstanding this finding, the judge concluded that contemner should be imprisoned for thirty days pursuant to Iowa Code section 598.23(1) (1987) as punishment for willful omissions antedating the September 1 order. Contemner asserts that the latter determination is a violation of the principles espoused in *Greene* with respect to reexamining a contemner's ability to pay.

The court of appeals rejected contemner's claim that the September 16 order was in violation of our *Greene* holding. In so doing, that court relied on the italicized language in the following quotation from *Greene:*

> We further hold that where commitment is withheld in contempt proceedings under section 598.23, a subsequent issue of commitment is not proper absent findings that the offending person is responsible for his failure to comply *or that alternative procedures or dispositions are inadequate to meet the court's interest in punishment and deterrence.*

*Greene*, 342 N.W.2d at 821 (emphasis added). The court of appeals concluded that contemner's imprisonment under the September 16 order was proper because the defendant judge concluded, following a *Greene*-type hearing, that the alternative procedures or dispositions contained in the September 1 order (those provisions which withheld commitment if certain lump sum payments were made by a specified date) were inadequate to meet the court's interest in punishment and deterrence.

We are not convinced that the court of appeals was correct in interpreting the italicized language as an open-ended authorization to modify the conditions for imposing sanctions contained in prior court orders fixing punishment for contempt. Our reference to "alternative procedures or dispositions" in *Greene* was not made in the context of imposing imprisonment but rather spoke to alternative conditions for avoiding imprisonment. Although we decline to totally accept the court of appeals interpretation of our *Greene* decision, we believe that substantial reasons exist for upholding the defendant judge's September 16 order for contemner's imprisonment.

■ In order to explain our conclusions on this issue, we deem it appropriate to briefly review the state of the law on contempt sanctions which may be imposed for violations of dissolution of marriage decrees. We have recognized that Iowa Code chapter 665 (1987) provides a comprehensive procedure for initiating contempt proceedings, including those arising from dissolution of marriage decrees. *Skinner v. Ruigh*, 351 N.W.2d 182, 184 (Iowa 1984). Where a finding of contempt is based on disobedience of a court's order, our cases recognize that a court may impose punitive sanctions under section 665.4 for past disobedience, impose coercive remedial sanctions under section 665.5 to encourage performance of affirmative acts required by the order, or impose both punitive and coercive remedial sanctions. *Amro v. Iowa Dist. Court*, 429 N.W.2d 135, 139 (Iowa 1988); *Wilson v. Fenton*, 312 N.W.2d 524, 528–29 (Iowa 1981).

In *Skinner*, 351 N.W.2d at 184, we held that, in contempts arising under dissolution of marriage decrees, punitive sanctions recognized by section 665.4 are available, provided, however, that the maximum punishment for such contempts is now fixed by section 598.23(1) rather than section 665.4. *Amro*, 429 N.W.2d at 139, recognized that, notwithstanding the provisions of section 598.23(1), the court is also empowered with respect to certain violations of dissolution

of marriage decrees to impose coercive remedial relief under section 665.5. We did not decide in *Amro* and do not decide in the present case whether a section 665.5 coercive remedial sanction may be imposed to aid the enforcement of child support judgments which require the payment of money from unspecified sources not involving an identifiable res.

■ We conclude that the defendant judge acted properly within the foregoing framework for contempt punishments when he ordered contemner's imprisonment. We disagree with contemner's contention that the rationale expressed in *Greene* prohibited that action. In the absence of changed circumstances not within the court's contemplation at the time of the original punishment order, a court which has found that imprisonment is a proper sanction for past acts of contempt may withhold commitment conditioned on total and unwavering compliance with prescribed conditions. A commitment so withheld may later be imposed for failure to meet those conditions. Where, as in the present case, the time period for performing the conditions is so short as to negate any suggestion that the contemner's ability to perform has changed from the time of the original order, a reexamination of ability to perform is not a condition for imprisonment.

Although we have characterized contempt sanctions under section 598.23(1) as punitive measures designed to punish for past failure to abide dissolution of marriage decrees, this does not totally eliminate a court's concerns with the remedial aspects of past and future compliance with its orders. The Supreme Court observed in *Hicks v. Feiock*, 485 U.S. 624, 635, 108 S.Ct. 1423, 1431, 99 L.Ed.2d 721, 734 (1988):

> In contempt cases, both civil and criminal relief have aspects that can be seen as either remedial or punitive or both: when a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial court order, but it also is seeking to give effect to the law's purpose of modifying

the contemnor's behavior to conform to the terms required in the order.

This court has also recognized that coercive remedial motives may underlie otherwise punitive sentences imposed under section 598.23(1). In *Callenius v. Blair*, 309 N.W.2d 415 (Iowa 1981), we stated:

> One of the purposes of contempt is to compel obedience to an order of the court. It is therefore proper for the court to provide for purgation of contempt by imposing conditions designed to procure compliance with the court order.

*Id.* at 419.

In contempt cases involving a failure to pay child support under dissolution of marriage decrees, the court will frequently be faced with a difficult balancing process in fixing punishment under section 598.23(1). It must balance the desirability of an otherwise deserved jail sentence against the potential negative effect that jail sentence will have on the contemner's willingness and ability to pay both past and future support. Occasionally, this balancing process will lead to the conclusion that a jail sentence is required unless the contemner does in fact pay a fixed sum of money within a specified period of time.

■ Where, as in the present case, that time only extends five days beyond the initial punishment hearing, it seems absurd to suggest that upon the contemner's failure to meet the conditions for staying out of jail the court must reexamine the defaulting party's ability to comply before imposing the sanction originally ordered. We believe the power of the court to impose an unconditional determinate term of imprisonment under section 598.23(1) necessarily carries with it the power to impose a more tempered punishment conditioned on a performance which the contemner may or may not be able to complete. In such situations, a contemner otherwise subject to imprisonment is in a poor position to complain about the attainability of conditions which ostensibly provide some opportunity to avoid imprisonment.

It is, of course, necessary in order to avoid a *Greene* -type reexamination of ability to pay, that the original order fixing

punishment clearly specify that, absent an unanticipated change of circumstances, confinement cannot be avoided unless the conditions fixed by the court are met completely. The defendant judge's September 1 order left no doubt of the court's intention in this regard. It provided that defendant was to be imprisoned unless he made full payment of the $671 within five days. The September 1 order was an order of commitment which was not to be altered unless the defendant produced a receipt of full payment within the five-day period. Implicitly, the September 1 order required a second order to avoid confinement. The court's power to order the contemner's imprisonment on September 16 flowed from the legally sustainable conditions for imprisonment in the September 1 order.

B. *Authority to make modification of the September 1 order with respect to conditions for imprisonment.* Our conclusions in division I.A. of this opinion require us to examine certain changes which the September 16 order made in the conditions for imprisonment under the September 1 order. This involves two matters: (1) removal of a condition for releasing contemner at any time that all delinquent child support and subsequently accruing child support were paid in full; and (2) changing the conditions for imprisonment from a fixed thirty-day period to ten, three-day weekend confinements.

■ With respect to the first modification of the September 1 order, we think it runs contrary to the conclusions expressed in division I.A. of this opinion. Conditions of imprisonment in prior punishment orders may only be altered in a manner which is favorable to the imprisoned party. Consequently, we hold that contemner's imprisonment in No. 88–1283 should remain subject to his being released at any time upon compliance with the conditions for release established in the September 1 order.

With respect to the alterations which change the consecutive thirty-day period of confinement to ten, three-day weekend confinements, that alteration, being favorable to the contemner, would ordinarily be sustainable under the reasoning adopted in

division I.A. of this opinion. But, because we have determined that the contemner's confinement in No. 88–1283 is to be concurrent with the period of confinement imposed in No. 89–432, it is more expedient to reinstate the provision for confinement for thirty consecutive days contained in the September 1 order.

## II. *Validity of Order of Imprisonment in No. 89–432.*

The contemner challenges the three consecutive thirty-day terms of imprisonment imposed in No. 89–432 on the grounds that (1) the evidence failed to establish his willful violation of the dissolution decree beyond a reasonable doubt, (2) the defendant judge failed to follow the requirements of Iowa Rule of Criminal Procedure 22(3)(d) in regard to stating the reasons for imposing a particular punishment, and (3) the defendant judge abused his discretion in imposing consecutive terms of imprisonment. We consider each of these contentions.

■ On the claim involving the sufficiency of the evidence, we conclude, based on our review of the record, that the evidence supported the defendant judge's finding that, under the reasonable doubt standard established in *Phillips v. Iowa District Court,* 380 N.W.2d 706, 709 (Iowa 1986), the defendant had willfully shirked his responsibilities under the dissolution decree. Consequently, we conclude there is no basis for granting the contemner's request for relief on his sufficiency-of-the-evidence complaint.

■ With respect to contemner's contention that the defendant judge was required to follow the provisions of the Iowa Rules of Criminal Procedure in this contempt proceeding, we conclude that those rules are, by their express terms, applicable only to indictable offenses commenced by indictment or a prosecutor's trial information. *See* Iowa R.Crim.P. 1(1). We note in this regard that the defendant judge did state on the record that he believed the punishment imposed was commensurate with the degree of recalcitrance which contemner

had exhibited toward obeying the court's decree.

Finally, we consider the claim that the defendant judge abused his discretion in imposing three consecutive thirty-day terms of imprisonment for the three willful violations which were found to have been established. These violations were failure to (1) pay child support, (2) secure medical insurance for the children as required by the decree, and (3) pay one-half of the children's uninsured medical expenses.

Section 598.23(1) empowers the court to impose a thirty-day term of imprisonment for each willful violation of a dissolution decree which is found to have occurred. We are not convinced that the imposition of consecutive thirty-day terms for the three violations which were found to have taken place was an abuse of discretion. We do conclude, however, that the violations for failure to insure against the children's medical expenses and the failure to pay one-half of the uninsured medical expenses may not have been established as separate offenses in the present case.

There is no indication in the evidence whether the rather small amount of unpaid medical expenses would have been uninsured had defendant complied with the requirements in the decree that he obtain medical insurance for the children. This conclusion produces two results: first, defendant may be liable to pay all of these medical expenses on the ground that by failing to secure insurance he has himself become the insurer; second, we believe that there may well have been only one violation of the decree with respect to the children's medical expenses rather than two. Consequently, we sustain the writ only to the extent that we direct the period of confinement in No. 89–432 be reduced from ninety to sixty days. The period of confinement imposed in No. 89–432 shall be concurrent with that imposed in No. 88–1283.

III. *Disposition.*

For the reasons stated earlier in this opinion, we vacate the decision of the court of appeals in No. 88–1283 and direct that the writ be sustained in that case only to the extent that our opinion modifies the September 16 commitment order by reinstating the provisions of the September 1 commitment order. The writ is otherwise annulled in No. 88–1283. In No. 89–432, the writ is sustained to the extent that the total period of imprisonment is reduced from ninety days to sixty days and is otherwise annulled. The costs of these original certiorari actions are assessed eighty-five percent to the contemner, Maurice Ickowitz, and fifteen percent to the petitioner in the underlying dissolution action.

DECISION OF COURT OF APPEALS VACATED; WRITS SUSTAINED IN PART AND ANNULLED IN PART.

All Justices concur except LAVORATO and HARRIS, JJ., who concur specially.

LAVORATO, Justice (specially concurring)

I specially concur with division I. I do so because I think we should overrule rather than simply modify our holding in *Greene v. District Court.*

I agree with the dissent's reasoning in *Greene.* Due process only requires a hearing to determine whether a contemner failed to pay the amount specified in the original contempt order that allowed purging. Due process does not require a reexamination of the contemner's ability to pay at the time of commitment.

I think *Greene* eliminated a powerful but yet humane tool to enforce child support orders. Rather than chance reversal, trial courts, I think, are more apt to jail contemners rather than to consider the purging option.

HARRIS, J., joins this special concurrence.