In the Interest of S.D.L., A Minor Child,
State of Iowa, Appellant.

No. 96–1742.

Supreme Court of Iowa.

June 18, 1997.

Rehearing Denied Sept. 18, 1997.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Denver D. Dillard, County Attorney, and Lance J. Heeren, Assistant County Attorney, for appellant.

Stephen A. Swift, Cedar Rapids, for S.D.L., minor child.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

A seventeen year old assaulted the teenaged girl with whom he cohabited in violation of a no-contact order issued in accordance with Iowa Code section 236.14 (1995). Thereafter the juvenile court rejected the State's application to cite or punish the juvenile for contempt, insisting it was without authority to do so. On the State's appeal from the juvenile court's ruling, we reverse but do not remand.[1]

**I. Background Facts and Proceedings.**

S.D.L., whom we shall call "Shane," lived with his girlfriend, Christina, and their infant child in an apartment provided by his father. Shane had no job, no plans to finish high school, and was reportedly in need of substance abuse and mental health treatment. Shane's domestic arrangement with Christina ended when Shane physically abused her.

Because Shane resisted arrest at the time of the domestic disturbance, the State filed a delinquency petition charging him with inter-

---

1. Jeopardy has attached to these delinquency proceedings heard and decided on the merits in juvenile court. *See Breed v. Jones,* 421 U.S. 519, 531, 95 S.Ct. 1779, 1786–87, 44 L.Ed.2d 346, 356–57 (1975); *In re Dugan,* 334 N.W.2d 300, 302–03 (Iowa 1983) (where State excepts to juvenile referee's fact findings, double-jeopardy principles prohibit forbidden "second crack" at the evidence).

ference with official acts in violation of Iowa Code section 719.1. The State later amended the petition to add violations of Iowa Code sections 708.1 and 708.2A(2)(b) (Supp.1995), domestic abuse assault causing bodily injury. Accompanying the amended petition was the State's motion to waive jurisdiction to district court. While these matters were pending, Shane was named in a domestic abuse no-contact order issued pursuant to Iowa Code section 236.14.

This appeal concerns Shane's subsequent violation of the no-contact order. The record reveals that Shane choked and kicked Christina, an assault which caused bruises and bleeding. Evidence on this alleged violation of the protective order was heard by the juvenile court in the same proceeding at which the interference, waiver, and domestic abuse assault matters were considered.

Based on Shane's stipulation to the delinquent act of interference with official acts, the court ordered him placed at Hillcrest in Dubuque, a residential treatment facility. Probable cause was also found with respect to the domestic assault charge. But the court rejected the State's requested waiver to district court, concluding "[m]ore intensive supervision and oversight is available through the Juvenile Court system than available in adult court." We presume from this finding that Shane's treatment goals with respect to the domestic violence would be addressed at Hillcrest.

On the State's application to show cause why contempt should not be found, the juvenile court agreed the evidence showed clear violation of the court's order. The court nevertheless rejected the State's request for detention, finding such punitive measures unauthorized under both chapter 232 (Juvenile Justice Act) and chapter 236 (Domestic Abuse Act). It therefore denied the State's application for contempt. This appeal by the State followed.

## II. Standard of Review.

■ "Juvenile delinquency proceedings are not criminal prosecutions, but are special proceedings that serve as an ameliorative alternative to the criminal prosecution of children." *In re J.D.F.*, 553 N.W.2d 585, 587 (Iowa 1996). Our scope of review of juvenile court matters is de novo. *In re C.S.*, 516 N.W.2d 851, 857 (Iowa 1994). We review both questions of law and fact. Iowa Code § 232.133(1); *In re C.S.*, 516 N.W.2d at 857.

■ In no prior case have we specifically addressed the contempt power of a juvenile court. Generally, however, courts enjoy wide discretion in determining and punishing contemptuous behavior. *See Shedlock v. Iowa Dist. Ct.*, 534 N.W.2d 656, 660 (Iowa 1995); *Newby v. Iowa Dist. Ct.*, 259 Iowa 1330, 1343, 147 N.W.2d 886, 894 (1967); *see also* 47 Am.Jur.2d *Juvenile Courts* § 7 (1995) ("Juvenile courts generally have the same power as other courts to punish for contempt."); *A.A. v. Rolle*, 604 So.2d 813, 815 (Fla.1992) (recognizing court's inherent power to adjudicate juveniles in contempt; sanctions limited by statute). We interfere in such judgments only when discretion has been clearly abused, that is, when the court's decision rests on unreasonable or untenable grounds, or erroneous legal conclusions. *Shedlock*, 534 N.W.2d at 660. "We are not bound by the trial court's conclusions of law and may inquire into whether it applied erroneous rules of law that materially affected its decision." *State v. Lipcamon*, 483 N.W.2d 605, 606–07 (Iowa 1992). Particularly pertinent here is our finding in *Lipcamon* that Iowa Code section 236.8—part of the statutory framework for enforcing protective orders in domestic abuse cases—grants courts broad discretion to enforce or withhold a judgment for contempt. *Id.* at 607.

## III. Discussion.

■ At the outset we note the juvenile court's conclusion regarding lack of authority to sanction Shane for contempt referred only generally to chapters 232 and 236. These two chapters embrace well over 150 subsections. The court's lack of precise citation to the authority on which it relied necessarily forces us to "read between the lines" of the court's analysis.

What the State took from the court's ruling is a belief that the juvenile court found itself powerless to manage a contumacious juvenile. We believe this mischaracterizes the court's ruling. The court's order reveals, not so much an inability to address Shane's actions, but a steadfast resistance to the

State's efforts to punish Shane "more like an adult."

Permeating the juvenile court's order is the view that Shane should be rehabilitated, not punished. Such a determination, of course, is within the court's discretion. It is also, we note, consistent with the legislative mandate that the juvenile court enter what it finds to be the least restrictive dispositional order deemed appropriate. *See* Iowa Code § 232.52(1); *see also In re M.M.C.*, 564 N.W.2d 9, 11 (Iowa 1997) (recognizing that in Iowa the primary goal of juvenile justice is rehabilitation, not punishment). We nevertheless believe the juvenile court misinterpreted chapters 232 and 236 when it rejected out of hand the State's request for sanction. In particular we view as erroneous the court's finding that "[i]mposition of a contempt sentence is inconsistent with the rehabilitative goals of chapter 232."

We do not believe imposing a contempt sanction and promoting rehabilitation are mutually exclusive alternatives under our juvenile code. As demonstrated by the following quote, the rehabilitative effect of a contempt finding is well recognized:

In contempt cases, both civil and criminal relief have aspects that can be seen as either remedial or punitive or both: when a court imposes fines and punishments on a contemnor, it is not only vindicating its legal authority to enter the initial order, but it is also seeking to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order.

*Ickowitz v. Iowa Dist. Ct.*, 452 N.W.2d 446, 450 (Iowa 1990) (quoting *Hicks v. Feiock*, 485 U.S. 624, 635, 108 S.Ct. 1423, 1431, 99 L.Ed.2d 721, 734 (1988)).

Moreover, the juvenile court could have drawn from recently enacted statutes the authority to order detention for contempt of its no-contact order. The legislature in 1995 extended the reach of Iowa's domestic abuse law by striking the previous exception for "children under eighteen." *See* Iowa Code §§ 236.2(2)(a), (4)(a) (Supp.1995); *see also State v. Kellogg*, 542 N.W.2d 514, 517 (Iowa 1996) ("Originally enacted as a statute to protect spouses from abuse, chapter 236 has gradually been broadened to protect others from abuse occurring between persons in a variety of relationships."). Contemporaneously, the legislature amended section 232.22(1) to provide:

A child shall not be placed in detention unless one of the following conditions is met:

. . . .

*g.* There is probable cause to believe that the child has committed a delinquent act which would be domestic abuse under chapter 236 or a domestic abuse assault under section 708.2A if committed by an adult.

Iowa Code § 232.22(1) (Supp.1995). Additionally, a child adjudicated delinquent "for an act which would be a violation of chapter 236 or section 708.2A if committed by an adult" may be required to attend a batterer's treatment program. Iowa Code § 232.52(2)(h) (Supp.1995).

There is no dispute under this record that Shane committed domestic abuse as defined by chapter 236 when he assaulted Christina. Given the expansion of chapters 232 and 236 described above, we believe the "detention sentence" requested by the State here would not be outside the juvenile court's authority. The court should have specifically considered the applicability of these new Code sections in weighing the State's request.

We recognize, of course, that the punishment alternatives available to the juvenile court upon a finding of contempt are limited. *See, e.g., Hendrickson v. Griggs*, 672 F.Supp. 1126, 1139–41, 1144 (N.D.Iowa 1987) (federal funds conditioned on removing juveniles from adult jails); Iowa Code § 232.52(e) (placement in state training school authorized only upon limited conditions); Iowa Code § 236.8 (Supp.1995) (person may not be convicted of domestic abuse assault *and* held in contempt for violation of protective order arising from same incident). *But see* Iowa Code § 232.52(2)(g) (authorizing placement of child in "secure custody" for not more than two days). The State concedes as much. We are convinced these limits, however, do not prevent a juvenile court from holding a juvenile accountable for conduct casting disrespect on

the court's orders. It appears evident the legislature did not intend otherwise. Accordingly we must reverse, without remand, the contrary opinion of the juvenile court.

**REVERSED.**

