# IN THE COURT OF APPEALS OF IOWA

No. 13-0295
Filed February 25, 2015

**RYAN GIST,**
        Plaintiff,

vs.

**IOWA DISTRICT COURT FOR**
**POLK COUNTY,**
        Defendant.

_____

Certiorari to the Iowa District Court for Polk County, Mary Pat Gunderson, Judge.

Plaintiff filed a petition for writ of certiorari claiming the district court did not have the authority to adjust his sentence after filing a final order. **WRIT SUSTAINED; REVERSED AND REMANDED WITH INSTRUCTIONS.**

Cynthia Ann Lange (until retirement) of Sporer & Flanagan, P.L.L.C., Des Moines, and Ryan Gist, Des Moines, pro se.

L.D., Pleasant Hill, for defendant.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

On January 23, 2013, Ryan Gist was found in contempt for twice violating an Iowa Code chapter 236 protective order. The district court imposed a disposition of thirty days incarceration per violation, to be served consecutively. On January 24, 2013, the district court filed an amended order sua sponte, changing Gist's disposition to a maximum six months incarceration per violation, to be served consecutively. In the amended order, the court stated it had mistakenly believed thirty days was the maximum possible disposition for these contempts.

Gist filed a petition for writ of certiorari on February 26, 2013. The Iowa Supreme Court granted the writ and transferred the case to this court.

Gist does not challenge the district court's findings of contempt nor the original sentence. Rather, Gist maintains the district court did not have the authority to change his sentence after filing the final order on January 23, 2013.

The district court quoted *Iowa Electric Light & Power Co. v. Lagle*, 430 N.W.2d 39, 395–96 (Iowa 1988), for the proposition that it could enter the amended order:

> A district court's power to correct its own perceived errors has always been recognized by this court, as long as the court has jurisdiction of the case and the parties involved. A motion to reconsider is found in our cases at least as far back as [1884] . . . . [U]ntil a final order or a decree [is] rendered, the trial court will have the power to correct any rulings, orders, or partial summary judgments it has already entered.

However, in this case the court entered the final order on January 23, 2013. The court then entered the amended order to correct its misunderstanding of the

maximum disposition, ultimately imposing greater punishment. The difficulty is the district court no longer had the power to correct its ruling. *Carroll v. Martir*, 610 N.W.2d 850, 857 (Iowa 2000) (referencing the principle that the power to correct rulings exists while the court still has jurisdiction before its final order or decree). Here, once the final order was entered on January 23, 2013, the district court was without authority to amend its order to impose a greater punishment. *See Ickowitz v. Iowa Dist. Ct.*, 452 N.W.2d 446, 451 (Iowa 1990) (concluding "conditions of imprisonment in prior punishment orders may only be altered in a manner which is favorable to the imprisoned party").

Even if we considered the "amended order" as an order nunc pro tunc, we are unable to conclude the district had authority to enter the order on January 24, 2013. A nunc pro tunc order "is not for the purpose of correcting judicial thinking, a judicial conclusion or mistake of law." *Headley v. Headley*, 172 N.W.2d 104, 108 (Iowa 1969). "The function of a nunc pro tunc order is not to modify or correct a judgment but to make the record show truthfully what judgment was actually rendered." *General Mills, Inc. v. Prall*, 56 N.W.2d 596, 600 (Iowa 1953). Here, the order entered on January 23, 2013, was unambiguous—with no obvious errors.

Because the district court did not have the authority to amend the contempt disposition by imposing more severe punishment by filing either an amended order or an order nunc pro tunc, we sustain Gist's writ of certiorari. We reverse the district court's amended order and remand with directions to the

district court to reinstate the original order of thirty days in jail per violation to be served consecutively.

**WRIT SUSTAINED; REVERSED AND REMANDED WITH INSTRUCTIONS.**