# IN THE COURT OF APPEALS OF IOWA

No. 17-1238
Filed May 2, 2018

**LYNETTE ANNE HEIMS,**
        Petitioner-Appellant,

**vs.**

**BRAD FRANCIS HEIMS,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter,

Judge.

        Former spouse appeals the district court's denial of her application for

contempt.  **AFFIRMED.**

        Jenny L. Weiss of Fuerste, Carew, Juergens & Sudmeier, P.C., Dubuque,

for appellant.

        Darin S. Harmon and Nina K. Sheller of Kintzinger, Harmon, Konrardy,

P.L.C., Dubuque, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Lynette Heims appeals from the district court's denial of her application for rule to show cause. She argues Brad Heims should be held in contempt for failing to pay spousal support, in violation of their marital settlement agreement, which was incorporated into their Illinois "Judgment for Dissolution of Marriage." We conclude the district court did not abuse its discretion in finding Lynette did not prove Brad engaged in willful disobedience of his obligation to pay spousal support, nor did it abuse its discretion in declining to order Brad to pay Lynette's attorney fees. Therefore, we affirm. We also decline to order Brad to pay Lynette's appellate attorney fees.

## I. Background Facts and Proceedings

On February 13, 2014, the marriage of Brad and Lynette Heims was dissolved in Illinois. At that time, the parties entered into a marital settlement agreement, under which Brad agreed to pay "Maintenance (Alimony)" to Lynette in the amount of $160.28 per week "for a period of not less than three (3) years from the date of entry of this Marital Settlement Agreement."[1] On August 21, 2015, the parties registered their dissolution of marriage decree, including the incorporated marital settlement agreement, in Iowa. On December 12, 2016, Brad filed a petition to modify in Iowa, seeking to terminate his spousal support

---

[1] The parties, in their marital settlement agreement and other filings and communications, refer to Brad's payments as "maintenance" or "alimony." Under Iowa Code section 598.21A (2017), an Iowa court may grant a "spousal support" order requiring one party to make support payments to the other. For simplicity, this opinion will refer to all of Brad's payments for Lynette's support as "spousal support."

obligation upon completion of the third year, as permitted under the marital settlement agreement.[2]

The Illinois Department of Healthcare and Family Services ("DHFS") administered the couple's child support and spousal support payments by withholding amounts from Brad's paychecks. On February 13, 2017, DHFS stopped withholding spousal support from Brad's paychecks, but it continued withholding child support. Lynette does not know why DHFS stopped withholding spousal support. Brad testified he did not do anything affirmative to stop the withholding, and Lynette does not accuse him of any such actions. Brad believes DHFS simply interpreted the marital settlement agreement to end the spousal support payments after exactly three years and acted without consultation with either party. On March 4, DHFS began withholding an additional $160.28 from Brad's paycheck, but it credited this amount to past-due child support and not spousal support. On March 31, DHFS stopped withholding the $160.28 from Brad's paycheck. On April 28, DHFS resumed withholding the $160.28 from Brad's paychecks for spousal support.

The parties scheduled mediation for March 10, 2017, though they cancelled when the mediator did not attend due to a conflict. At this time, Lynette testified she asked Brad to pay spousal support directly to her while DHFS was not correctly withholding, but Brad refused. On April 21, the parties discussed spousal support in mediation, but this mediation failed. On April 25, Lynette filed this application for rule to show cause, seeking to hold Brad in contempt for failure to pay spousal

---

[2] Lynette filed this appeal of the district court's order on July 31, 2017. At that time, the district court had not ruled on Brad's petition to end his spousal support obligation.

support. On May 1, Brad personally went to the DHFS office to straighten out the withholding issues and make a lump-sum payment for spousal support. He testified he took a day off from work in Chicago, Illinois, to travel to the DHFS office in Rockford, Illinois. He paid $1,475.12, which he testified is the amount of arrearage DHFS calculated.

After a hearing, the district court issued an order declining to find Brad in contempt. The district court also rejected Lynette's request for attorney fees. Lynette appeals the district court's order on contempt and her attorney fees, and she requests appellate attorney fees.

## II. Standard of Review

Contempt actions are governed by Iowa Code section 598.23 ("If a person against whom a temporary order or final decree has been entered willfully disobeys the order or decree, the person may be cited and punished by the court for contempt . . . ."). We review contempt decisions for abuse of discretion. *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007) (citing *Ickowitz v. Iowa Dist. Ct.*, 452 N.W.2d 446, 452 (Iowa 1990)). The district court may consider all circumstances in deciding whether to impose punishment for contempt. *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995). We review decisions on attorney fees for abuse of discretion. *In re Marriage of Michael*, 839 N.W.2d 630, 635 (Iowa 2013) (citing *In re Marriage of Goodwin*, 606 N.W.2d 315, 324 (Iowa 2000)).

## III. Contempt

A finding of contempt, or willful disobedience, "'requires evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in

disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not.'" *Ary*, 735 N.W.2d at 624 (quoting *Lutz v. Darbyshire*, 297 N.W.2d 349, 353 (Iowa 1980)). "[T]he person alleging contempt retains the burden of proof to establish willfulness beyond a reasonable doubt because of the quasi-criminal nature of the proceeding." *Id.* (citing *Ervin v. Iowa Dist. Ct.*, 495 N.W.2d 742, 745 (Iowa 1993)).

Lynette argues Brad should be held in contempt because he knew DHFS stopped withholding spousal support on February 13, he refused her repeated requests to pay spousal support directly to her beginning March 10, and he did not resume paying spousal support until April 28 after the filing of this action seeking a contempt finding.

DHFS stopped withholding spousal support on February 13. As the district court found, the record contains no indication Brad did anything to cause this stoppage. DHFS resumed withholding spousal support on April 28, more than ten weeks later. At least part of this gap is attributable to confusion over why DHFS stopped withholding spousal support and whether the stoppage was proper. Brad remained in contact with Lynette during this time and scheduled two mediation sessions. DHFS resumed withholding spousal support on Friday, April 28, 2017, one week after Brad and Lynette finally met in a failed mediation. Three days later, on Monday May 1, Brad travelled to the DHFS office on his own time and expense to straighten the withholding issues and to pay the missing spousal support. While he was in their office, Brad testified DHFS calculated he owed $1,475.12 in spousal support for the ten-plus weeks of missed withholding, which he paid in full at that time. Under these circumstances, Lynette has not established beyond a

reasonable doubt that Brad acted with willful disobedience in failing to pay spousal support during the ten-plus weeks.  *See id.*  Therefore, the district court did not abuse its discretion in declining to hold Brad in contempt.

## IV. Attorney Fees

Lynette also argues the district court should have ordered Brad to pay her attorney fees.  If the district "court determines that the party is in default or contempt of the decree, the costs of the proceeding, including reasonable attorney's fees, may be taxed against that party."  Iowa Code § 598.24.  As explained above, the district court did not abuse its discretion in declining to hold Brad in contempt.  Therefore, the district court also did not abuse its discretion in declining to order Brad to pay Lynette's attorney fees.

Finally, Lynette requests appellate attorney fees.  Appellate attorney fees are within the discretion of the appellate court.  *In re Marriage of Ask*, 551 N.W.2d 643, 646 (Iowa 1996) (citing *In re Marriage of Gaer*, 476 N.W.2d 324, 326 (Iowa 1991)).  "'In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal.'"  *In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa Ct. App 2016) (quoting *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997).  We find the district court did not abuse its discretion in declining to sanction Brad, and hence, Lynette was not successful on appeal.  We therefore decline to order Brad to pay Lynette's appellate attorney fees.

**V. Conclusion**

Because Lynette did not prove willful disobedience beyond a reasonable doubt, the district court did not abuse its discretion in declining to hold Brad in contempt for failing to pay alimony, nor did it abuse its discretion in declining to order him to pay attorney fees.  We also decline to order Brad to pay Lynette's appellate attorney fees.  Costs on appeal assessed to Lynnette.

**AFFIRMED.**